PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILMER A. GUZMAN, | ) | |
| | ) | CASE NO. 4:13cv1205 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| CORRECTIONS CORPORATION OF | ) | |
| AMERICA, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** [Regarding ECF No. 5] |

Plaintiff filed this civil rights and state law action in state court alleging the Corrections

Corporation of America ("CCA"), CCA Warden Michael Pugh, and twenty-seven medical

personnel employed by CCA provided him with inadequate medical care while he was

incarcerated at CCA.  ECF No. 1-1.  CCA, Warden Pugh, and eleven individual Defendants

("Defendants")[1] removed the action to the instant Court on May 30, 2013 on the basis of federal

question jurisdiction pursuant to 28 U.S.C. §§ 1441(c), 1443 and 1446 "because the Complaint

may be construed as stating federal questions regarding alleged deliberate indifference to serious

---

[1] Counsel for CCA is acting on behalf of CCA, Warden Pugh and 11 individually name
Defendants.  Although the state court docket reflects successful service as to all named
individuals (ECF No. 1-2), Defendants assert that
> Drs. Ball and Crouch are not employees of CCA and upon information and belief
> have not been properly served with process in this case.  Furthermore, Dr.
> Aiad-Toss and nurses Cage, Donachie, Granchi, Hernandez, Jones, McConnell,
> Queener, Ruggiero, Staudmeister, Trimacco and Trinkes are former employees of
> CCA who severed their employment relationships prior to the commencement of
> this action and who also have not been properly served with process in this case.

ECF No. 5 at 4.  Defendants further state that, "to the extent the Court finds merit in the basis to
dismiss actions against the individual current CCA medical employees who have been served . . .
, the Court maintains discretion to *sua sponte* dismiss claims against the unserved defendants on
the same basis."  ECF No. 5 at 4.

(4:13cv1205)

medical needs of a prisoner in violation of the Eighth Amendment of the United States

Constitution (Count II)." ECF No. 1 at 3.  Defendants then filed a motion to dismiss, arguing

that the federal claims should be dismissed because, as a matter of law, Plaintiff cannot assert a

*Bivens* action against CCA or Warden Pugh, and that "Ohio law does not provide a separate

cause of action for deliberate indifference to a prisoner's serious medical needs." ECF No. 5 at

5-7.

> In response, Plaintiff states,
>
> Defendants' Motion to Dismiss asserts four separate grounds for relief.  Based on
> the Affidavit of Merit of Dr. Ransom, this Memorandum does not respond to the
> arguments set out in Sections I and Section II, that as a matter of law, no federal
> constitutional tort may be asserted against CCA or Warden Pugh and that Ohio
> law does not provide a separate cause of action for deliberate indifference to a
> prisoner's serious medical needs.
>
> Accordingly, Plaintiff does not dispute that, under these facts, this case should
> proceed as a medical claim governed by the substantive law of the State of Ohio.

ECF No. 7 at 2.

Because the parties agree there is no viable federal cause of action in the instant case, and

an independent review of the briefings indicate the same, the Court grants Defendants' motion

(ECF No. 5) in part to the extent that Plaintiff's federal cause of action is dismissed.

Furthermore, because the parties agree that the only remaining claims are state law claims

pursuant to state law, the Court no longer has subject matter jurisdiction over the matter.  The

Court declines to exercise supplemental jurisdiction over the remaining state law claims.

Accordingly, the action is remanded to the state court from which it was removed, 28

U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks

2

(4:13cv1205)

subject matter jurisdiction, the case shall be remanded.").


       IT IS SO ORDERED.


  July 15, 2013                                        */s/ Benita Y. Pearson*
Date                                              Benita Y. Pearson
                                              United States District Judge